F I L E D
CLERK OF COURT

2024 AUG -2 AM 9: 16

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, <br><br> vs. <br><br> **TIMOTHY TEDTAOTAO SEREBOUR,** <br><br> Defendant. | CRIMINAL CASE NO. CF0187-24 <br><br> **DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Timothy Tedtaotao Serebour's ("Defendant") Motion for Judgment of Acquittal Based on Insufficiency of the Evidence filed June 3, 2024. Defendant is represented by Assistant Alternate Public Defender Peter J. Santos and the People of Guam ("the Government") are represented by Assistant Attorney General Sean E. Brown. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On May 28, 2024, a jury of twelve found Defendant guilty of the charge of Burglary to a Motor Vehicle, *as a lesser-included offense* to the First Charge of Armed Carjacking (As a First Degree Felony); the Second Charge of Carjacking (As a First Degree Felony); and the charge of Third Degree Robbery, *as a lesser-included offense* to the Third Charge of Second Degree Robbery (As a Second Degree Felony). Defendant was acquitted of the Fourth Charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and the Fifth

Charge of Possession of a Firearm without a Firearms Identification Card (As a Third Degree Felony). The Court accepted the verdict of the jury and set Sentencing for September 10, 2024 at 4:00 p.m.[1]

On June 3, 2024, Defendant filed the instant Motion. On June 6, 2024, the Government filed its Opposition. No Reply was filed. The Court subsequently placed the matter under advisement without further argument from the parties. *See* CR1.1 Form 3, Am. Notice of Hearing or Submission on Briefs, Jun. 26, 2024.

## DISCUSSION

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court is to examine whether "the evidence presented at trial in the light most favorable to the People . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Song*, 2012 Guam 21 ¶ 27. *See also People v. Quinata*, 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, . . . the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted).

Here, Defendant moves the Court for a judgment of acquittal on the Second Charge of Carjacking (As a First Degree Felony) based on insufficiency of the evidence. *See generally,* Mot., Jun. 3, 2024. Defendant argues that "although the evidence appears to support a robbery like the jury found . . . there is nothing in the record to support a burglary in the context needed as an essential element of carjacking" because the "victims had exited and left the vehicle before Co-Defendant Babauta entered the vehicle and drove away with it" and "[i]n the context of Carjacking, one of the defendants must have committed a burglary . . . while a victim was actually

---

[1] In light of the guilty verdicts, Defendant subsequently stipulated to the Notice: Commission of a Felony While on Felony Release. (Minute Entry, May 28, 2024).

present inside the vehicle." *Id.* at 5. The Government opposes, arguing that "[t]he crime still occurred if the elements are met by Defendant's conduct in an attempt to commit the offense or flight after the attempt or commission." (Opp'n at 2, Jun. 6, 2024). The Government sets forth that the "fact that the Defendants attempted to steal the vehicle while the family was in the truck and failed before resulting to violent threats shows the crime began while the family was still occupying the vehicle." *Id.*

Guam law provides that:

> A person is guilty of carjacking when such person commits a crime of burglary, as defined by this Chapter, in a vehicle, while a person other than a participant in the crime is actually present in such vehicle, with intent to commit a crime therein, and, *in the course of committing the offense* acting either alone or with one or more persons, such person or another participant in the crime commits or attempts to commit a violent crime against the person of another person other than a participant in the crime who is actually present in such vehicle.

9 G.C.A. § 37.310(a)[2] (emphasis added). "An act shall be deemed 'in the course of committing' the offense if it occurs in an attempt to commit the offense or flight after the attempt or commission," and "[i]t is no defense the defendant reasonably believed that the vehicle was unoccupied, by a person who was not a participant in the crime, at the time the carjacking or armed carjacking occurred." 9 G.C.A. §§ 37.330; 37.340.

Here, there was testimony that the victim, Vic Corla Dorion, Jr., his wife and daughter were all present in their vehicle, a truck, when approached by co-defendant John Babauta, Jr. and told to get out of the vehicle. The victim testified that he was trying to understand what was happening and did not get out of the vehicle until he heard a gun make a sound like it had loaded from the car parked next to their vehicle where Defendant was sitting because Defendant was closest to his wife and daughter. Babauta also testified to Defendant having cocked a gun prior to telling the family to hurry up and get out of the car. Accordingly, the Court finds that because the family was still in the vehicle when the threat of a violent crime was made and they only left

---

[2] "[A] person is guilty of burglary if he enters or surreptitiously remains in any motor vehicle, semi-trailer, trailer, truck tractor, vehicle combination, motor bus, motor truck, or vehicle, with intent to commit a crime therein." 9 G.C.A. § 37.20(a).

the vehicle because of this threat, any rational trier of fact could have found the essential elements of carjacking met as the carjacking statute contemplates a defendant's conduct in the course of committing the offense.

The Court further notes that "[i]t is not the province of the court, in determining [a motion for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Song*, 2012 Guam 21 ¶ 29 (citation omitted) (alteration in original). "When ruling on a motion for judgment of acquittal, the trial court is concerned with the existence or nonexistence of evidence, not its weight. . ." *Id. See also Quinata*, 1999 Guam 6 ¶ 14 ("It is the responsibility of the trier of fact, and not this court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). "[T]his standard remains constant even when the People rely exclusively on circumstantial evidence." *Song*, 2012 Guam 21 ¶ 29 (citations omitted). Therefore, the Court finds that there was sufficient evidence for a jury to find Defendant guilty of Carjacking (As a First Degree Felony), and denies Defendant's Motion for Judgment of Acquittal.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Judgment of Acquittal. Parties shall return for Sentencing on **September 10, 2024** at **4:00 p.m.**

**IT IS SO ORDERED** this 2nd day of August, 2024.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG , APO_

8/2/24   10:53am
Date      Time

Antonia R. Cruz
Deputy Clerk, Superior Court of Guam

*People v. Serebour*
Case No. CF0187-24
Decision and Order